1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF THE STATE OF WASHINGTON

SUSAN SAGEWOOD, an individual

Plaintiff,

v.

CLALLAM COUNTY, a Washington
municipality,

Defendant.

CASE NO.

**COMPLAINT**

**JURY DEMAND**

## I.     PARTIES, JURISDICTION AND VENUE

1.1     Plaintiff, Susan Sagewood ("Ms. Sagewood"), is an individual residing in Clallam

County, Washington.

1.2     Defendant Clallam County ("County") is a Washington municipality.

1.3     This Court has original jurisdiction in this matter pursuant to 28 U.S.C. §1331.

COMPLAINT – 1
Case No.:

1.4     Venue is proper in the United States District Court for the Western District of the State of Washington pursuant to 28 U.S.C. §1391.

## II.     FACTUAL ALLEGATIONS

2.1     Ms. Sagewood was employed by the Clallam County Public Works Department as a Customer Service Specialist IV.

2.2     From August of 2020 through December of 2020, Ms. Sagewood was extremely ill and had a disability.

2.3     Ms. Sagewood suffered from many debilitating symptoms that prevented Ms. Sagewood from working.

2.4     On January 5, 2021, Ms. Sagewood was released to return to work on a part-time basis transitioning from two days per week (in January and February) to three days per week in March.

2.5     After Ms. Sagewood's return to work, co-workers treated Ms. Sagewood poorly and there was "office chatter" around Ms. Sagewood's disability even though Ms. Sagewood performed well at work.

2.6     On May 26, 2021, Ms. Sagewood spoke with County Engineer Ross Tyler ("Mr. Tyler").

2.7     Suddenly, and for the first time, Mr. Tyler insisted that the position was a full-time position.

2.8     Ms. Sagewood asked about his sudden change in his willingness to accommodate her disability and he confirmed that there had been "office chatter," stating "you know how it is out there."

COMPLAINT – 2
Case No.:

VANGUARD LAW
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

2.9     On June 1, 2021, Ms. Sagewood met with human resources and expressed a concern that there was disability discrimination in the workplace.

2.10    The human resources department never investigated these concerns nor did they give Ms. Sagewood any opportunity to provide additional information.

2.11    On June 8, 2021, Ms. Sagewood saw her doctor.

2.12    On June 8, 2021, Ms. Sagewood's doctor approved Ms. Sagewood's transition to a four-day workweek as the next step in transitioning back to full-time work.

2.13    On June 9, 2021, human resources analyst Brenda Wenzl ("Ms. Wenzl") gave the deadline for the accommodation request form of June 10, 2021, at 9:00 a.m.

2.14    On June 10, 2021, Ms. Sagewood expressed her belief that she was being railroaded and undermined by her co-workers and supervisor.

2.15    At approximately 2:30 p.m. County Administrator Rich Sill met with Ms. Sagewood and Ms. Wenzl.

2.16    Specifically, Ms. Sagewood was given two choices:  (1) return to work full-time on June 11, 2021; or (2) be terminated effective immediately.

2.17    Ms. Sagewood was not provided with any opportunity to engage in the interactive process prior to her separation of employment.

2.18    Ms. Sagewood was not provided with any pre-separation hearing.

2.19    As a result of the County's ongoing violations of the law, Ms. Sagewood has suffered extensive economic and non-economic damages.

2.20    On or about December 20, 2021, Ms. Sagewood presented the required tort claim to the County.

VANGUARD LAW
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

### III.   FIRST CAUSE OF ACTION
### Procedural Due Process Clause The United States Constitution

3.1     Plaintiff realleges paragraphs 1.1 through 2.20 as though fully set forth herein.

3.2     Defendant's actions and/or omissions constitute denial of procedural due process under the Fifth Amendment and/or Fourteenth Amendment to the United States Constitution.

3.3     As a result of Defendant's violations of the law, Plaintiff has been damaged in an amount to be proven at trial.

### IV.   SECOND CAUSE OF ACTION
### Disability Discrimination and Failure To Provide Reasonable Accommodation
### Washington Law Against Discrimination
### RCW 49.60.180

4.1     Plaintiff realleges paragraphs 1.1 through 3.3 as though fully set forth herein.

4.2     Defendant's actions and/or omissions constitute a violation of the Washington Law Against Discrimination ("WLAD"), RCW 49.60.180, as the County has repeatedly discriminated against Ms. Sagewood as a qualified individual on the basis of her disability, including without limitation its ongoing failure to provide a reasonable accommodation as required by law.

4.3     As a result of Defendant's violations of the law, Plaintiff has been damaged in an amount to be proven at trial.

### V.   THIRD CAUSE OF ACTION
### Retaliation
### Washington Law Against Discrimination
### RCW 49.60.210

5.1     Plaintiff realleges paragraphs 1.1 through 4.3 as though fully set forth herein.

COMPLAINT – 4
Case No.:

VANGUARD LAW
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

5.2     Defendant's actions and/or omissions constitute retaliation and/or interference, coercion or intimidation against Plaintiff because she opposed acts and practices made unlawful by the WLAD.  This constitutes a violation of RCW 49.60.210.

5.3     As a result of Defendant's violations of the law, Plaintiff has been damaged in an amount to be proven at trial.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter an order granting the following relief:

1.     An order finding that Defendant violated Plaintiff's due process rights;

2.     An order finding that Defendant discriminated against Plaintiff because of her disability in violation of the WLAD, RCW 49.60.180;

3.     An order finding that Defendant retaliated against Plaintiff pursuant to RCW 49.60.210;

4.     An order granting Plaintiff an award of damages for all forms of economic losses and non-economic losses, including without limitation specific damages and general damages for mental anguish, emotional distress, and pain and suffering in an amount to be proven at trial;

5.     An order granting Plaintiff her reasonable attorney's fees and costs pursuant to RCW 49.60.030(2);

6.     Pre-judgment and post-judgment interest under the above referenced statutes; and

COMPLAINT – 5
Case No.:

7.      Such other and further relief as the Court deems just and equitable.


RESPECTFULLY SUBMITTED this 22nd day of November, 2022.

VANGUARD LAW


By /s/ Spencer Nathan Thal
    Spencer Nathan Thal, WSBA 20074
    Vanguard Law
    PO Box 939
    Poulsbo WA 98370
    Telephone: (206) 488-8344
    Facsimile: (360) 626-1919
    Email: spencer@vanguardlawfirm.com
    *Attorney for Plaintiff*


By /s/ Zachariah Nathan William Thal
    Zachariah Nathan William Thal, WSBA 55462
    Vanguard Law
    PO Box 939
    Poulsbo WA 98370
    Telephone: (206) 818-2499
    Facsimile: (360) 626-1919
    Email: zach@vanguardlawfirm.com
    *Attorney for Plaintiff*

COMPLAINT – 6
Case No.:

VANGUARD LAW
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344